|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 6/23/2021 |

-------------------------------------------------------------- X
H.B., an infant by his father and natural guardian,  :
TAHSEENULLAH BARAKATI, and                           :
TAHSEENULLAH BARAKATI, individually,                 :
                                                     :  20-CV-9106 (VEC)
                                       Plaintiffs,   :
                                                     :  OPINION & ORDER
                    -against-                        :
                                                     :
CHINA SOUTHERN AIRLINES COMPANY                      :
LIMITED,                                             :
                                                     :
                                       Defendant.    :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiff Tahseenullah Barakati, individually and as guardian of Plaintiff H.B. (collectively "Plaintiffs"), has sued Defendant China Southern Airlines Company Limited ("China Southern") for injuries suffered by H.B. on board an airplane owned and operated by Defendant. The airplane was scheduled to fly from New Delhi, India to Guangzhou, China. Defendant moved to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and, alternatively, on the ground of *forum non conveniens*. Notice of Mot., Dkt. 22. Defendant also moved to dismiss Plaintiff Barakati's individual claim for failure to state a claim pursuant to Rule 12(b)(6). *Id.* Because the Court does not have personal jurisdiction over Defendant, the motion to dismiss is GRANTED.[1]

---

[1] Because Defendant is not subject to personal jurisdiction in New York, the Court does not reach Defendant's alternative *forum non conveniens* argument. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (holding that, to best serve judicial economy, a "federal court has leeway to choose among threshold grounds for denying audience to a case on the merits" (internal quotation marks and citation omitted)); *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("[Because t]he question of personal jurisdiction . . . goes to the court's power to exercise control over the parties, [it] is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum."). The Court also need not address whether Plaintiff Barakati has properly stated a claim on his own behalf.

## BACKGROUND[2]

Plaintiffs, New York residents, purchased round-trip China Southern airline tickets to travel from JFK International Airport in New York to New Delhi, India, with connecting flights in Guangzhou, China in both directions. Declaration of Lin Jingru ("Jingru Decl.") ¶ 20, Dkt. 25. Although Plaintiffs purchased their tickets from their home in New York,[3] their roundtrip tickets, including for the connecting flights between New Delhi and Guangzhou, were issued out of New Delhi, India. *Id.* ¶ 21.

On July 8, 2019, Plaintiffs flew from New York to Guangzhou, and then from Guangzhou to New Delhi on July 9, 2019. *Id.* ¶ 20. On August 2, 2019, Plaintiffs were scheduled to fly on China Southern flight CZ 360 from New Delhi to Guangzhou as part of Plaintiffs' return trip to New York. *Id.* Plaintiffs had boarded the plane, but, before taking off, the aircraft's entertainment console/tray table/armrest malfunctioned and closed on H.B.'s pinky finger, causing severe injuries.[4] Compl. ¶ 23, Dkt. 6-1. Due to the incident, Plaintiffs were rebooked on a new flight and departed New Delhi for Guangzhou on August 6, 2019. Jingru Decl. ¶ 23. Although H.B. received immediate medical care at the time of injury in New Delhi,

---

[2]    The facts are taken from the Plaintiff's Complaint and the parties' affidavits submitted in connection with this motion. *See Visual Scis., Inc. v. Integrated Commc'ns Inc.*, 660 F.2d 56, 58–59 (2d Cir. 1981); *John Hancock Prop. & Cas. Ins. Co. v. Universale Reinsurance Co.*, No. 91-CV-3644, 1992 WL 26765, at *1 n.1 (S.D.N.Y. Feb. 5, 1992) ("A Rule 12(b)(2) motion is inherently a matter requiring the resolution of factual issues outside of the pleadings and all pertinent documentation submitted by the parties may be considered in deciding this motion."). Facts stated in the Complaint are assumed to be true for purposes of this motion. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

[3]    The parties do not specify what medium Plaintiffs used to purchase their tickets. It seems likely, however, that the tickets were purchased over the internet, in that there is no dispute that Plaintiffs purchased the tickets from New York, and the tickets were then issued out of India. *See* Jingru Decl. ¶ 21. Whether Plaintiffs purchased the tickets online or over the telephone, however, there is no allegation that they purchased their tickets from a travel agent or other representative of China Southern located in New York.

[4]    There is some confusion concerning whether the malfunctioning equipment was an armrest, entertainment console, or tray table, but for purposes of this Opinion, the issue is immaterial. For ease of identification, the Court will refer to the allegedly responsible aircraft equipment as a tray table.

*see id.* ¶ 30, the balance of H.B.'s relevant medical treatment occurred in New York, Pl. Aff. ¶ 7, Dkt. 30-1.

Plaintiffs brought suit pursuant to the Montreal Convention,[5] *see* Compl. ¶¶ 26-27, which governs air carrier liability in international carriage. Plaintiffs allege that H.B.'s injuries were caused by Defendant's failure to maintain, inspect, monitor, and repair the aircraft properly, *see id.* ¶ 24, and they seek to recover damages for H.B.'s injuries, *id.* ¶ 31. Defendant moved to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and on the ground of *forum non conveniens*. Notice of Mot. Defendant also seeks dismissal of Plaintiff Barakati's individual claim pursuant to Rule 12(b)(6) on the ground that he has failed to state a claim in an individual capacity. Def. Mem. at 29–30, Dkt. 23.

## DISCUSSION

### I. Legal Standard on a Rule 12(b)(2) Motion to Dismiss

When responding to a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012). When the motion to dismiss is decided on the basis of the pleadings (rather than on the basis of an evidentiary hearing), the plaintiff need make only a *prima facie* showing that jurisdiction exists. *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008).

Personal jurisdiction over a non-resident defendant in a case involving a federal question is governed by the law of the state in which the court sits and by the limits of due process. *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). Accordingly, the Court must engage in a "two-part analysis." *Bank Brussels Lambert v. Fiddler Gonzalez &*

---

[5] Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, T.I.A.S. No. 13038 (entered into force Nov. 4, 2003).

*Rodriguez,* 171 F.3d 779, 784 (2d Cir. 1999).  First, the Court looks to the relevant long-arm statute of the forum state, which, in this case, is New York.  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  If the exercise of jurisdiction is appropriate under New York's long-arm statute, the Court must then decide whether such exercise comports with due process; a state may authorize personal jurisdiction over an out-of-state defendant only if "the defendant has 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (alteration in original) (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

In deciding a motion to dismiss for lack of personal jurisdiction, the Court may consider materials outside the pleadings, including affidavits and other written materials.  *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015).  "The court assumes the verity of the allegations 'to the extent they are uncontroverted by the defendant's affidavits,'" *id.* (quoting *MacDermid*, 702 F.3d at 727), and jurisdictional allegations "are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor," *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993).  The Court, however, need not accept either party's legal conclusions as true nor will it draw "argumentative inferences" in either party's favor.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (citation omitted).

## II.     Personal Jurisdiction

Although waivable, personal jurisdiction "is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'"  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Emps. Reinsurance Corp.*

*v. Bryant*, 299 U.S. 374, 382 (1937)). Before the Court can evaluate the merits of Plaintiffs' claims, therefore, the Court must determine whether it has personal jurisdiction over Defendant.

Personal jurisdiction may be either specific or general. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). Specific jurisdiction "is available when the cause of action sued upon arises out of the defendant's activities in a state." *Id.*; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). General jurisdiction, or "all-purpose" jurisdiction, on the other hand, allows a court to adjudicate any cause of action against the defendant, regardless of where it arose. *Brown*, 814 F.3d at 624.

### A. General Jurisdiction

Under N.Y. C.P.L.R. § 301, a court in New York may exercise general jurisdiction over an out-of-state defendant if the defendant "engaged in 'continuous, permanent, and substantial activity in New York.'" *Wiwa v. Royal Dutch Petrol. Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990)). The Supreme Court in *Daimler*, however, has set a "high bar" for finding that the exercise of general jurisdiction over an out-of-state corporation comports with due process. *Brown*, 814 F.3d at 626. An out-of-state corporation is subject to general jurisdiction in a state "only where its contacts are so 'continuous and systematic,' judged against the corporation's national and global activities, that it is 'essentially at home' in that state." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2013) (quoting *Daimler*, 571 U.S. at 139). In the wake of *Daimler*, other than in "exceptional cases," a corporation is "at home" only in its state of incorporation and in the state of its principal place of business. *Id.* at 135.

Although Plaintiffs do not cite N.Y. C.P.L.R. § 301 or explicitly assert that the Court may exercise general jurisdiction over Defendant in New York, they seem to suggest as much,

claiming that for Defendant to "solicit business in New York, conduct business in New York, have multiple daily flights into and out of New York, have employees permanently stationed in New York and then to escape jurisdiction in New York . . . would be to theoretically immunize them and turn the law on its head." Pl. Mem. at 11, Dkt. 30. Plaintiffs further cite *Bryant v. Finnish Nat'l Airline*, 15 N.Y.2d 426 (1965), which concerned only N.Y. C.P.L.R. § 301 and not N.Y. C.P.L.R. § 302, to claim that a foreign airline that maintains an office, advertises, has employees, and facilitates a ticket business in New York is subject to personal jurisdiction in New York. Pl. Mem. at 11.

Defendant is not subject to general jurisdiction in New York. Defendant is a foreign company organized under Chinese law, incorporated in China, and headquartered in China. Jingru Decl. ¶¶ 6–9. Defendant operates to and from 224 destinations worldwide but only three destinations within the United States, including only two daily flights to or from New York. *Id.* ¶¶ 12–14. The fact that Defendant is registered to do business in New York does not change the analysis. *See Sae Han Sheet Co. v. Eastman Chem. Corp.*, No. 17-CV-2734, 2017 WL 4769394, at *6 (S.D.N.Y. Oct. 19, 2017) ("In light of *Daimler* and . . . *Brown*, the more recent authority in this district has held that corporations do not consent to general jurisdiction when they register under the various New York registration statutes."). Plaintiffs have failed to allege that Defendant is "at home" in New York or that this is the "exceptional case" in which the Court may exercise general personal jurisdiction over a foreign corporation based only on its contacts with the forum state. *See Daimler*, 571 U.S. at 139 n.19. Accordingly, Plaintiffs must make a *prima facie* case that Defendant is subject to specific jurisdiction in New York.

B.  **Specific Jurisdiction**

In contrast to Plaintiffs', at best, implicit argument in support of general jurisdiction, Plaintiffs expressly argue that the Court may exercise specific jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 302(a)(1). Pl. Mem. at 8–11. In support, Plaintiffs assert that they purchased round-trip plane tickets in New York from Defendant for flights that commenced and concluded in New York, and Defendant has significant business operations in New York. *Id.* at 9. Defendant maintains that H.B.'s injuries, which occurred on an aircraft that was on the ground in India with service to China and not on a flight to or from New York, did not arise from Defendant's business activity in New York. Def. Mem. at 7–8. The Court agrees with Defendant: Because Plaintiffs have failed to allege a substantial connection between their claims and Defendant's transaction of business in New York, the Court may not exercise specific jurisdiction over Defendant.

1.  **Legal Standard**

Pursuant to New York's long-arm statute, a court may exercise specific jurisdiction over a non-domiciliary that, "in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Thus, "[t]o establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161, 168 (2d Cir. 2015) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013)). "A suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)

(cleaned up). Only if personal jurisdiction is proper under the state's long-arm statute does the Court need to "analyze whether personal jurisdiction comports with the Due Process Clause." *Chloé*, 616 F.3d at 164.[6]

### 2. Long-Arm Analysis

Defendant does not dispute that Plaintiffs have alleged adequately the first prong of the section 302(a)(1) inquiry — whether Defendant transacts business in New York. At the time of the incident, Defendant operated daily flights to and from JFK International Airport in New York, *see* Jingru Decl. ¶ 14, had twenty employees based in New York, *id.* ¶ 16, and maintained an office in New York, Answer ¶ 3, Dkt. 10.

Plaintiffs, however, fail to satisfy the second prong of the section 302(a)(1) analysis because they have failed to allege the requisite "substantial relationship" between their claims and Defendant's transaction of business in New York. The only facts supporting Plaintiffs' position and tying their claims to Defendant's New York contacts are that they purchased round-trip tickets while in New York — where they reside — for air travel beginning and ending in New York. These minimal facts are all that tie Plaintiffs' cause of action to their chosen forum.

On the other hand, Flight CZ 360, on which Plaintiffs' injuries allegedly occurred, has no connection to New York. Although Plaintiffs may have purchased their tickets in New York, the contracts for their carriage on Flight CZ 360 were issued out of India. Jingru Decl. ¶ 21. The

---

[6] In order for the exercise of personal jurisdiction to comport with the Due Process Clause, the defendant must have "sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." *Chloé*, 616 F.3d at 164 (citing *Int'l Shoe*, 326 U.S. at 316). "Where the claim arises out of, or relates to, the defendant's contacts with the forum . . . minimum contacts exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002) (cleaned up). If the Court determines the defendant has sufficient minimum contacts with the forum state for personal jurisdiction, it must then decide "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice' — that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Chloé*, 616 F.3d at 164 (quoting *Int'l Shoe*, 326 U.S. at 316).

alleged malfunction of the aircraft's tray table and Plaintiffs' resulting injuries occurred entirely outside New York on a plane that was neither headed to nor coming from New York.  In fact, China Southern has never operated flights on the aircraft in question to or from New York, and the aircraft has never been repaired or serviced in New York.  *Id.* ¶ 26.  Thus, even though Plaintiffs' trip began and ended in New York and China Southern operated the flights for each leg of Plaintiffs' trip, the entirety of Defendant's alleged conduct that is relevant to Plaintiffs' injuries occurred thousands of miles from New York.

    *Zito v. United Airlines, Inc.*, No. 20-CV-6203, 2021 WL 799265 (W.D.N.Y. Mar. 3, 2021), a recent case in this circuit, is directly on point.  In *Zito*, as here, a New York resident purchased a round-trip plane ticket for travel beginning and ending in New York, with connecting flights on both ends of the trip.  *Id.* at *1.  On the first leg of the return flight, Zito allegedly was injured by a beverage cart.  *Id.*  In dismissing the case for lack of personal jurisdiction, the court found that the plaintiff had failed to satisfy section 302(a)(1)'s "arising from" prong, highlighting the fact that although the "[p]laintiff's departure and return destination for his flights was New York, his injury . . . occurred during the leg of his return trip from Florida to New Jersey, and not during a return flight to New York."  *Id.* at *6.  For a claim to arise out of an airline's New York activity, the court held, there must be something "more purposeful than Plaintiff's purchasing a round-trip ticket in New York, with an eventual destination of New York, particularly where the accident did not occur on a flight to or from New York."  *Id.*

    Consistent with the holding in *Zito*, courts in the Second Circuit have long held that, where an alleged tort occurs during travel not directly to or from New York, the fact that the plaintiff purchased a ticket in New York is insufficient to endow a New York court with personal

jurisdiction over a non-resident defendant, because the defendant's alleged negligence and the plaintiff's injury are too far removed from the business the defendant transacted in New York. *See Gelfand v. Tanner Motor Tours, Ltd.*, 339 F.2d 317, 321–322 (2d Cir. 1964) (declining to exercise jurisdiction over bus operator when New York residents who purchased tickets in New York were injured on bus travelling between Nevada and Arizona); *Corke v. Sameiet M.S. Song of Norway*, 435 F. Supp. 308, 310 (W.D.N.Y. 1977) (declining to exercise jurisdiction over cruise company when New York resident who purchased ticket in New York was injured during Caribbean cruise). The takeaway from these cases, then, is that "[t]he mere purchase of a ticket in New York is insufficient to establish personal jurisdiction based upon an injury that occurred elsewhere while travelling on that ticket." *Cordice v. LIAT Airlines*, No. 14-CV-2924, 2015 WL 5579868, at *4 (E.D.N.Y. Sept. 22, 2015).

A recent decision in this district reaffirmed the principle from this line of precedent. In *Mali v. British Airways*, the court held that it could not exercise personal jurisdiction over a foreign airline for an alleged tort that occurred in the Mumbai airport even though the plaintiff purchased his ticket in New York and the airline regularly flew to and from New York. No. 17-CV-685, 2018 WL 3329858, at *6–7 (S.D.N.Y. July 6, 2018). The *Mali* court found that there was no "substantial relationship" between the airline's business activities in New York and plaintiff's cause of action. *Id.* at *7. The *Mali* plaintiff's round-trip travel itinerary began and ended in Illinois; the court indicated that it did not believe that *any* U.S.-based forum, including Illinois, would have personal jurisdiction over the plaintiff's claims because it was "evident that his tort claims ar[o]se almost entirely out of Defendant's conduct in Mumbai." *Id.* at *7–10.

Plaintiffs' primary authority in opposition to Defendant's motion, *McLoughlin v. Com. Airways (Pty) Ltd.*, 602 F. Supp. 29 (E.D.N.Y. 1985), is factually distinguishable and otherwise

unpersuasive. In *McLoughlin*, a New York federal court exercised specific jurisdiction under C.P.L.R. § 302(a)(1) over South African airline COMAIR in connection with a personal injury lawsuit arising from a plane crashing during a flight between two South African locations. *McLoughlin*, 602 F. Supp. at 32. The court found that COMAIR transacted business in New York through its agent and found that "such business 'was reasonably related' to plaintiffs' cause of action." *Id.*

In *McLoughlin*, the foreign airline's New York-based travel agent arranged the plaintiffs' entire trip — including the round-trip domestic South African flight that crashed, hotel reservations in South Africa, and the round-trip flights between the United States and South Africa. *See id.* at 31. In contrast, in this case, Plaintiffs themselves purchased tickets without the assistance of any New York-based agent, eliminating the likely crucial New York contact that rendered the *McLoughlin* defendant subject to specific jurisdiction in New York. Beyond the factual distinctions, the Court is unconvinced by *McLoughlin*'s reasoning. *McLoughlin* does not include any analysis as to why specific jurisdiction was appropriate or how exactly the airline's New York contacts and activities were "reasonably related" to plaintiffs' injuries. It is perhaps unsurprising then, albeit noteworthy, that in the intervening thirty-six years since the decision, no case has cited *McLoughlin* for its holding on personal jurisdiction.

The Court sees no reason to depart from established precedent and recently decided cases holding that Plaintiffs' purchase of tickets in New York and round-trip itinerary beginning and ending in New York are insufficient to confer specific jurisdiction over Defendant under section 302(a)(1).

## CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED. Because the Court finds that the exercise of personal jurisdiction over Defendant does not comply with New York's long-arm statute, it does not consider Defendant's alternative *forum non conveniens*-based motion or Defendant's motion under Rule 12(b)(6).

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 22 and to close the case.

**SO ORDERED.**

**Date:  June 23, 2021**                               **VALERIE CAPRONI**
      **New York, New York**                       **United States District Judge**